Barbara Matthews (SBN 195084)
Assistant U.S. Trustee
Margaret H. McGee (SBN 142722)
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Telephone: 510-637-3200
Facsimile: 510-637-3220
E-mail: Maggie.McGee@usdoj.gov

Attorneys for Acting United States Trustee,
Region 17, August B. Landis

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>CARDIMA, INC. a Delaware Corporation<br><br>Debtor(s). | Case No.10-74445 RLE<br><br>Chapter 11<br><br>OBJECTION TO MOTION TO APPROVE BIDDING PROCEDURES<br><br>Time: 2:00 P.M.<br>Date: JANUARY 11, 2011<br>Courtroom: 1300 Clay St., 2nd Fl.<br>Oakland, Ca. 94612 |

August B. Landis, the Acting U.S. Trustee for Region 17 (the "U.S. Trustee"), hereby objects to the Motion for Order Approving Overbid Procedures and Related Matters Re sale of Assets of Debtor ("Motion") and in support thereof states as follows;

FACTS

The Debtor is a publically traded company which manufactures micro catheters for use in heart patients. *Motion p. 4.* The Debtor also has developed a prototype for another medical device with the assistance of an entity known as Stellertech Research Corporation ("Stellertech"). *Motion p. 5.* The Debtor has been in business for approximately fourteen years without making a profit. *Declaration of Margaret H. McGee in Support of Objection to Bidding Procedures ¶ 2.* After efforts were made to obtain additional financing or sell the Debtor failed, and most of the Debtor's officers resigned, and all but one director resigned, the Debtor filed

bankruptcy. *Id.*

Peter Yuan, a 47% shareholder of the Debtor seeks to purchase the majority of assets of the Debtor in bankruptcy free and clear of liens and successor liability. *Motion p. 9.* Mr. Yuan lent the Debtor $6 million in 2008 and invested $20 million in 2009. *Motion p. 8.* The $6 million loan was converted to stock sometime in 2009 or 2010. *Id.* According to counsel for Mr. Yuan, Mr. Yuan lives in China and has not been involved in the day to day operations of the Debtor. *McGee dcl.* ¶ 3).

The terms of the proposed sale are as follows: Mr. Yuan will pay $1,000,000 for the Debtor, $350,000 of which will be paid to Stellertech to cure defaults on an executory contract. Mr. Yuan will also cure the defaults in all other executory contracts which he assumes in addition to the $1,000,000 purchase price. The total unsecured creditors according to Schedule F is $1,016,127.06. Hence, if the sale were approved all but $16,127.06 of unsecured debts will be paid.

There exists approximately 46 equity security holders *(list of equity security holders p. 142-145 of SoFA)*, all but seven of which hold less than 5000 shares. Peter Yuan owns 6,001,524 shares; AST Exchange Agent #15524 owns 2,493,693 shares; Victor Shui Kwai Lee and Agnes Wing Chi Li owned 2,224,480 shares; Nelson Capital Corporation owns 1,680,000 shares; Nai Chiu Joseph Lai Revocable Trust owns 20,000 shares; Kwong Tai Holdings Ltd owns $17,647 shares; and AST Exchange Agent #10099 owns $16,189 shares.

DISCUSSION

A debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363. In most circumstances, in determining whether to approve a transaction proposed by a chapter 11 debtor that is not covered under a specific provision of the Bankruptcy Code, which is not in the ordinary course of business, courts consider: 1) if the debtor has satisfied the business judgment test by demonstrating good and sound business reasons for the proposed transaction; 2) whether the proposed transaction is in the best interests of creditors; 3) whether the proposed transaction is premature; 4) whether debtor has other options available; and 5) whether the proposed

transaction will facilitate the plan of reorganization. *In re American Development Corp.*, 95 B.R. 735, 739 (Bankr. C.D. Cal. 1989). In this case, however, the sale is being made to an admitted insider.

Any proposed sale to a current or former 'insider" of the debtor (director, officer, employee or controlling shareholder) will be scrutinized more carefully by the court and other interested parties. *See In re Wilde Horse Enterprises*, 136 B.R. 830, 842 (Bankr. C.D. Ca. 1991). In a case decided under the Bankruptcy Act, the Ninth Circuit has held that sales to insider fiduciaries are not allowed. *Donovan & Schuenke v. Sampsell*, 226 F.2d 804 (9th cir. 1955). Even if Mr. Yuan is determined not to be a fiduciary, at a minimum, he should be prepared to show that the asset has been fairly exposed to the market and that his bid is the highest bid and in the best interest of the estate. *See In re Wilde Horse Enterprises*, 136 B.R. at 842.

In *Donovan* the Debtor, the bankruptcy estate of Ridgecrest Development Company, was the owner of a tract of land in Ridgecrest, California (Ridgecrest Property"). The Ridgecrest Property was sold to D. J. Miller, the president of the Debtor. Creditors of the Debtor objected to the sale and appealed the approval of the sale by the referee. One issue on appeal was "whether Miller, by virtue of his employment by the Trustee under orders of the court, was a fiduciary and the sale void under the general principles of law." 226 F.2d at 806. Miller was hired by the referee as an officer of the Debtor. *Id.* As in this case, numerous attempts were made to sell the asset before the asset was sold to Miller. *Id.* Also similar, the honesty and integrity of the purchaser or the trustee were never in question. *Id.* Even so, as an officer of a Debtor was the purchaser, the Court looked upon the transaction with distrust. *Id.* 807. The Court recognized that the duties of the insider/fiduciaries was to protect the creditors of the Debtor. The court found that in purchasing the assets, the insider/fiduciary breached those trust obligations by: 1) purchasing the asset for less then the amount of all of the debts of the debtor; 2) purchasing the asset on his own behalf rather than on behalf of the corporation; 3) accepting property from the ultimate purchaser in partial payment of the asset; and 4) dealing in assets of the Debtor of which the purchaser was an officer. *Id.*

The *Donovan* Court explained that corporate officers have fiduciary obligations when a

corporation is insolvent or in bankruptcy. The Court found Miller to have been a fiduciary and on that basis voided the sale. The Court found that both a director or a controlling shareholder is a fiduciary. *Id.* at 809-810. The Court further noted that an agency relationship or employment relationship with the Debtor need not exist. Instead, the fiduciary obligation arises out of the duty imposed upon one who is in a special relationship to the corporation. *Id.* at 810. The Court concluded that "where the property is in the possession of the bankruptcy court, an interested party need only prove that the purchaser was in a trust relationship with regard to the property itself, the creditors of the estate or the officers of the court, to render the sale void." The Court went on to say "even if there were full disclosure, adequacy of consideration, absence of secret profit, an open judicial sale will not avail separately or in combination as a defense for such a fiduciary." *Id.* At 811. "The prohibition is absolute in the public interest. It is established to protect the courts themselves from the suspicion of chicanery."

Although this objection to the bidding procedures may appear to be an objection to the sale itself, this objection is being made to the motion for order approving bidding procedures on the grounds that if the "stalking horse" bidder is not a proper party to be bidding at all or has failed to properly value the asset or the asset has not fairly exposed to the market, no auction should be scheduled. At least until the insider has satisfied the initial burden of showing that he is not an insider fiduciary and therefore may bid on the assets, or that the initial bid is based upon a reasonable determination of value and reasonable marketing efforts have been made to obtain non-insider third party bids.

In the alternative, if the Court finds that the *Donovan* cases has been or should be held to its facts, the Debtor must still show that the value of the asset was reasonably determined. The U.S. Trustee has determined that the provisions of the sale would actually pay off almost 100% of the unsecured creditors. Perhaps this was the basis of the valuation. Regardless, if the purchaser agrees to pay 100% of the unsecured debts, and the equity holders are properly noticed and do not object to the sale, these facts may successfully distinguish the Donovan case and allow the sale to proceed.

Wherefore, the U.S. Trustee prays that the motion for order approving bidding procedures be denied or, alternatively, that the insider purchaser make a satisfactory showing that the assets were reasonably valued and reasonably efforts were made to find a third party purchaser.

Dated: 1/10/2011

Respectfully submitted

Barbara A. Matthews
Assistant U.S. Trustee

By: Margaret H. McGee

Margaret H. McGee
Trial Attorney
Attorneys for August B. Landis
Acting United States Trustee